# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MIGUEL ANGEL ROSAS LEON,<br>BOP #17098-198,<br><br>                              Plaintiff,<br><br>vs.<br><br>PAULA M. JARNACKE, Warden;<br>KATTIE, Law Librarian; COBIAN,<br>Librarian; RICHMAN, Unit Manager;<br>NELLIE KLINE TORRES, Attorney;<br>A.W. BAIR, Associate Warden;<br>FEDERAL BUREAU OF PRISONS,<br><br>                              Defendants. | Civil No.   08-0876 JAH (POR)<br><br>**ORDER DISMISSING CIVIL ACTION WITHOUT PREJUDICE FOR FAILING TO PAY FILING FEE REQUIRED BY 28 U.S.C. § 1914(a) AND/OR FAILING TO MOVE TO PROCEED *IN FORMA PAUPERIS* PURSUANT TO 28 U.S.C. § 1915(a)** |

Plaintiff, a federal pretrial detainee currently housed at GEO's Western Region Detention Facility in San Diego, and proceeding pro se, has filed a civil action pursuant to 42 U.S.C. § 1983, in which he claims various Metropolitan Correctional Facility and GEO officials have violated his First, Sixth and Eighth Amendment rights.[1]  (Compl. at 2-5.)

---

[1] Because Plaintiff seeks damages from persons alleged to have violated his constitutional rights under color of federal, not state law, the Court liberally construes his civil rights action to arise under *Bivens v. Six Unknown Named Officers of the Federal Bureau of Narcotics*, 403 U.S. 388, 397 (1971), and not 42 U.S.C. § 1983. *See Van Strum v. Lawn*, 940 F.2d 406, 409 (9th Cir. 1991) ("Actions under § 1983 and those under *Bivens* are identical save for the replacement of a state actor under § 1983 by a federal actor under *Bivens*.").

# I.

## Failure to Pay Filing Fee or Request IFP Status

All parties instituting any civil action, suit or proceeding in a district court of the United States, except an application for writ of habeas corpus, must pay a filing fee of $350. *See* 28 U.S.C. § 1914(a). An action may proceed despite a party's failure to pay this filing fee only if the party is granted leave to proceed *in forma pauperis* ("IFP") pursuant to 28 U.S.C. § 1915(a). *See Andrews v. Cervantes*, 493 F.3d 1047, 1051 (9th Cir. 2007); *Rodriguez v. Cook*, 169 F.3d 1176, 1177 (9th Cir. 1999).

Here, Plaintiff has neither prepaid the $350 filing fee required to commence a civil action, nor has submitted a Motion to Proceed IFP. Therefore, this case is subject to immediate dismissal pursuant to 28 U.S.C. § 1914(a).

# II.

## Conclusion and Order

For the reasons set forth above, the Court hereby:

(1) **DISMISSES** this action sua sponte without prejudice for failing to pay the $350 filing fee or file a Motion to Proceed IFP pursuant to 28 U.S.C. §§ 1914(a) and 1915(a); and

(2) **GRANTS** Plaintiff **forty five (45)** days leave from the date this Order is "Filed" to: (a) prepay the entire $350 civil filing fee in full; *or* (b) complete and file a Motion to proceed IFP which includes a certified copy of his trust account statement for the 6-month period preceding the filing of his Complaint pursuant to 28 U.S.C. § 1915(a)(2) and S.D. CAL. CIVLR 3.2(b).[2]

**IT IS FURTHER ORDERED** that the Clerk of the Court shall provide Plaintiff with the Court's approved form "Motion and Declaration in Support of Motion to Proceed *In Forma Pauperis*." If Plaintiff fails to either prepay the $350 civil filing fee or complete and submit the

---

[2] Plaintiff is cautioned that if he chooses to proceed further with this action either by paying the full civil filing fee required by 28 U.S.C. § 1914(a), or moving to proceed IFP, his Complaint will be subject to the mandatory screening and sua sponte dismissal provisions of 28 U.S.C. § 1915A(b) and 28 U.S.C. § 1915(e)(2)(b). *See Lopez v. Smith*, 203 F.3d 1122, 1126-27 (9th Cir. 2000) (en banc) (noting that 28 U.S.C. § 1915(e) "not only permits but requires" the court to sua sponte dismiss an *in forma pauperis* complaint that fails to state a claim); *see also Resnick v. Hayes*, 213 F.3d 443, 446 (9th Cir. 2000) (discussing sua sponte screening required by 28 U.S.C. § 1915A(b)).

1  enclosed Motion to Proceed IFP that time, this action shall remain dismissed without prejudice
2  and without further Order of the Court.
3
4  DATED: May 20, 2008
5
6  JOHN A. HOUSTON
   United States District Judge
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28